**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CHARLES E. HAMLET,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:08-cv-0107** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **Judge Thomas A. Wiseman, Jr.** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION**

Before the Court is Plaintiff Charles E. Hamlet's Motion for Judgment on the Administrative Record (Doc. No. 10) and supporting memorandum (Doc. No. 11) seeking judicial review of the Commissioner's denial of Plaintiff's claim for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"), as well as the Commissioner's Motion for Judgment on the Pleadings (Doc. No. 12.) The Court withdraws the previous reference to the Magistrate Judge. For the reasons explained below, the Court finds that the ALJ's decision is supported by substantial evidence in the record, and that the ALJ applied the correct legal principles in reaching his decision. Accordingly, Plaintiff's motion will be denied, the Commissioner's decision in the administrative action affirmed, and this matter dismissed.

**I.      INTRODUCTION**

Plaintiff was born July 29, 1969 and was thirty-six on the alleged onset date of August 15, 2006. (Doc. No. 8, Certified Transcript of Administrative Record ("TR"), at 24.) Plaintiff filed for SSI and DIB on December 14, 2004. (TR 17.) Plaintiff's claim was denied initially by the Commissioner on June 30, 2005, and again upon reconsideration on January 17, 2006. (TR 63-72.) At the age of thirty-eight, Plaintiff was granted a hearing before administrative law judge ("ALJ") K. Dickson Grissom on November 28, 2007. Jo Ann Bullard, a vocational expert, also testified at the hearing. *Id.* In a decision dated December 27, 2007, the ALJ denied Plaintiff's application for benefits. (TR 17-26.) Plaintiff thereafter filed a timely request for review by the Appeals Council, and on October 17, 2008, the Appeals Council denied Plaintiff's request for review. (TR 12.) The ALJ's decision thus became the final decision of the Commissioner, from which the Plaintiff's appeal arises pursuant to 42 U.S.C. §§ 405(g) and 13183(c)(3).

## II.   THE ALJ'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

Based on his review of the entire record, ALJ K. Dickson Grissom determined that the claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act, and made the following findings in a written opinion issued December 27, 2007:

1.  The claimant meets the insured status requirements of the Social Security Act through December 31, 2007.

2.  The claimant has not engaged in substantial gainful activity since August 5, 2005, the amended alleged onset date (20 CFR 404.1520(b), 404.1571 *et seq.*, 416.920(b) and 416.971 *et seq.*).

3.  The claimant has the following severe impairments:  disorder of the back and anxiety (20 CFR 404.1520(c) and 416.920(c)).

4.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix I (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

5.  After careful consideration of the record, the undersigned finds that the claimant has the residual functional capacity to lift/carry 20 pounds on an occasional basis and 10 pounds on a frequent basis.  He can stand/walk 6 hours during an 8-hour workday and sit 6 hours during an 8-hour workday.  He can push/pull at a level consistent with his ability to lift/carry.  He is precluded from any climbing ladders/ropes/scaffolding, and working around vibrations.  He can occasionally climb ramps/stairs, bend from the waist to the floor, stoop, crouch, and crawl.  He can have little contact with others and can accept few changes in the workplace.

6.  The claimant is unable to perform any past relevant work (20 CFR § 404.1565 and 416.964).

7.  The claimant was born on July 29, 1969 and was approximately 36 years old on the alleged disability onset date, which is defined as a younger individual (CFR 404.1563 and 416.963).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).

11. The claimant has not been under a "disability," as defined in the Social Security Act, from August 5, 2005 through the date of this decision (20 CFR 404.1520(g) and 416.920(g).

(TR 17-26.)

III.     **APPLICABLE LEGAL STANDARDS**

A.     **Standard of Review**

Under the Social Security Act (the "Act"), the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). This Court, therefore, is limited to determining whether substantial evidence supports the Commissioner's findings and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990). If substantial evidence supports the ALJ's conclusion and the ALJ applied the correct legal standards, this Court cannot reverse the ALJ's decision even if substantial evidence exists in the record that would have supported an opposite conclusion. *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995). Conversely, however, the Court must reverse and remand for further findings if the ALJ applied incorrect legal standards, even if the factual determinations are otherwise supported by substantial evidence and the outcome on remand is unlikely to be different. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 545, 546 (6th Cir. 2004). Substantial evidence is more than a scintilla of evidence, but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantiality is based on the record taken as a whole. *See Houston v. Sec'y of Health & Human Servs.*, 736 F.2d 365, 366 (6th Cir. 1984). When there has been a misapplication of the regulations or when there is not substantial evidence to support one of the ALJ's factual findings, the appropriate remedy is generally remand under sentence four of 42 U.S.C. § 405(g) for further consideration. *See Newkirk v. Shalala*, 25 F.3d 316, 318 (6th Cir. 1994).

B.     **Evaluation of Entitlement to Social Security Benefits**

Under the Act, a claimant is entitled to receive benefits only if he is deemed "disabled." 42 U.S.C. § 423(d)(1)(A). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability means a claimant, in light of his "age, education, and work experience," would be unable to "engage in any other kind of substantial work which exists in the economy." 42 U.S.C. § 423(d)(2)(A).

In applying the standards for determining disability, the Commissioner has promulgated regulations setting forth a five-step sequential evaluation process. *See* 20 C.F.R. §§ 404.1520 and 406.920. An ALJ must proceed through the required sequential steps for evaluating entitlement to disability insurance benefits. *See id.* The Sixth Circuit has summarized the five-steps of the sequential evaluation process as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*See Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997); 20 C.F.R. § 404.1520(b)-(f). The claimant has the burden of going forward with the evidence at the first four steps and the Commissioner has the burden at step five to show that alternative jobs in the economy are available to the claimant, considering his age, education, past work experience and residual functional capacity ("RFC"). *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

## IV.    ANALYSIS AND DISCUSSION

Plaintiff argues that (1) the ALJ erred by finding Plaintiff did not meet the criteria of Listing 12.04; (2) the ALJ erred by posing an inaccurate question to the Vocational Expert; (3) the ALJ's determination of Plaintiff's mental residual functional capacity is not supported by substantial evidence; and (4) the ALJ erred by failing to find that Plaintiff is disabled by pain. (Doc. No. 11, Pl.'s Mem. Supp. Mot. for Jgmt. on the Record (hereafter, "Pl.'s Brief"), at 7.)

As set forth above, the question for this Court is whether substantial evidence supports the ALJ's findings and whether he applied the correct legal standards. *Abbott*, 905 F.2d at 922.

Because of the relatively focused nature of the Plaintiff's arguments, the Court does not find it necessary to provide an exhaustive factual account of the Plaintiff's medical history.

**A. Whether the ALJ Erred by Finding Plaintiff Did Not Meet the Criteria of Listing 12.04**

As to Plaintiff's claim of disabling mental impairment, the Commissioner has promulgated a special technique to ensure that all evidence needed for the evaluation of such a claim is obtained and evaluated. The Federal Regulations explain the special procedure to be followed, with descriptions listed under nine diagnostic categories for mental disorders, including one for affective disorders. 20 C.F.R. § 404.1520a; 20 C.F.R. Pt. 404. Subpt. P, App. 1, § 12.04. Under this procedure, the Commissioner must first make clinical findings (*i.e.*, the "A" criteria) as to whether the claimant has a medically determinable mental disorder. Then the Commissioner must measure the severity of any mental disorder; that is, its impact on the applicant's ability to work. This impact on the ability to work is assessed in terms of a prescribed list of functional restrictions associated with mental disorders (*i.e.*, the "B" criteria).

The ALJ's decision "must include a specific finding as to the degree of limitation" in the following "B" criteria areas: "[a]ctivities of daily living; social functioning; concentration, persistence, or pace; and episodes of decompensation." 20 C.F.R. §§ 404.1520a; 416.920a. However, an ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted. Nor must an ALJ make explicit credibility findings as to each bit of conflicting testimony, so long as his factual findings as a whole show that he implicitly resolved such conflicts. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 507-08 (6th Cir. 2006)). "In sum, the ALJ's conclusions pertaining to the 20 C.F.R. §§ 404.1520a and 416.920a special technique can be adequately inferred from his overall discussion of Plaintiff's mental status." *Hunley v. Astrue*, No. 2:07-CV-138, 2008 U.S. Dist. LEXIS 41460, at *17-*18 (E.D. Tenn. May 23, 2008).

Here, the ALJ clearly explained that "[t]he claimant's mental impairments, considered singly and in combination, do not meet or medically equal the criteria of listings 12.04 and 12.06." (TR 20.) In reaching this conclusion, among other evidence, the ALJ considered the psychological exam by Dr. Blazina, which found that the Plaintiff had an "unlimited" ability to understand and no limitations in the ability to sustain concentration and persistence. (TR 24.) Dr. Blazina did, however, find Plaintiff's ability to interact socially to be moderately to severely limited, due to anxiety and dysphoria, and she assigned him a global assessment of functioning ("GAF") of 60-65. *Id.* Because Dr. Blazina's testimony was consistent with the objective evidence in the record, the ALJ accorded it great weight. *Id.*

Plaintiff points to the evaluations of Dr. Sal Ahmad and Ms. Maggie Lundholm as evidence of Plaintiff's meeting the "A" criteria. (Pl.'s Brief, 8.) The ALJ, however, did not disagree with their diagnoses of "panic disorder, major depressive disorder, and social phobia," and, in fact, acknowledged that it was "obvious from the record that the claimant does have severe impairments." (TR 24.) The ALJ, instead, found that "[b]ecause the claimant's mental impairments do not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, the 'paragraph B' criteria are not satisfied." (TR 20.) Plaintiff, in response, points to the testimony of his wife and sister-in-law to show that he "has difficulties in maintaining social functioning and marked restrictions of daily living." (Pl.'s Brief, 8.) In support of this proposition, Plaintiff relies heavily on *Foster v. Brown*, 853 F.2d 483 (6th 1988), and *Young v. Secretary of Health and Human Services*, 925 F.2d 146, 150 (6th 1990), both of which upheld the denial of a claim where the plaintiffs were able to cook, wash dishes, do laundry and other chores. Plaintiff claims he is disabled because he "cannot cook, wash dishes, or do laundry" and that the "fact that [he] drives sparingly and does not assist with household activities is an indication that he has fulfilled the Part B requirements of Listing 12.04." (Pl.'s Brief, 9-10.) The ALJ, however, reasonably found that the record was replete with evidence to the contrary. (TR 20.) First, while Plaintiff does not cook, it is *because he does not know how to cook*. (TR 132.) Second, Plaintiff assists with household chores such as dishes and laundry. (TR 97, 115, 306-307.) Third, Plaintiff drives and shops with his[1] wife. (TR 95, 133.) Fourth, Plaintiff reads, watches TV, and is capable of managing his own money. (TR 96-97, 133.) While Plaintiff's participation in these activities is not necessarily dispositive of the question of disability, he cannot distinguish his situation from that of *Foster* and *Young* on that basis.

In sum, it is clear that the ALJ, in evaluating Plaintiff's mental impairments, synthesized the underlying medical and factual record to find that the Plaintiff had only mild restrictions in his daily living, with only moderate difficulties in social functioning, and therefore did not meet the "B" or "C" requirements of § 404.1520a. (TR 20.) For the aforementioned reasons, this Court finds that those determinations regarding the § 404.1520a criteria by the ALJ are supported by substantial evidence in the record, including Plaintiff's own testimony, and, therefore, the ALJ's consideration of the Plaintiff's mental health was reasonable and does not constitute reversible error.

---

[1] The Court assumes the reference to "your wife" in the interrogatories was a typographical error.

**B. Whether the ALJ Erred by Posing an Inaccurate Question to the Vocational Expert**

The Plaintiff asserts that the ALJ's hypothetical question posed to the vocational expert (VE) during the Plaintiff's hearing was "inaccurate and incomplete" and, as such, was fatally flawed. Consequently, according to the Plaintiff, the ALJ committed reversible error when he relied on the VE's response to that hypothetical in denying Plaintiff's claim. (Pl.'s Brief at 10-11 (citing, inter alia, *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002); *Felisky v. Bowen*, 35 F2d 1027, 1036 (6th Cir. 1994); *Davis v. Sec'y of Health & Human Servs.*, 915 F.2d 186, 189 (6th Cir. 1990).) Specifically, Plaintiff argues that the ALJ neglected to incorporate Plaintiff's mental impairments, particularly his inability to cope with stressful situations, in formulating the hypothetical he posed to the VE, and, therefore, the VE's response to such hypothetical cannot constitute substantial evidence upon which the VE can rely in denying disability benefits.

As noted above, this Court reviews the ALJ's decision to determine whether substantial evidence in the record supports the finding that the claimant is not disabled. The Sixth Circuit has never held that a hypothetical must include *all* of the plaintiff's limitations, so long as substantial evidence supports the findings of the ALJ. *Foster v. Haller*, 279 F.3d 348, 356 (6th Cir. 2001) (upholding a district court's conclusion that the ALJ did not err by relying on the VE's testimony where it did not include all of the claimant's limitations). While it is true that the ALJ's hypothetical question must accurately "portray" the plaintiff's individual physical and mental impairments, "portray" does not mean that every impairment must be specifically enumerated, so long as the ALJ incorporates the appropriate limitations based on those impairments into the hypothetical. *See Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (reversing district court's decision requiring that the ALJ's hypothetical list the plaintiff's arthritis, when only plaintiffs *limitations*, not medical *conditions*, are required to be listed); *Varley v. Sec'y of Health & Human Servs.*, 820 F2d 777, 779-780 (6th Cir. 1987) (upholding the ALJ's reliance on VE testimony where it was predicated on a hypothetical that omitted reference to the claimant's need to avoid noise and inability to cope with interpersonal contact, or his dizziness or hearing loss, but required the VE to assume plaintiff had to avoid exposure to extended loud noise and close contact with coworkers and supervisors).

Furthermore, in fashioning the hypothetical question posed to a vocational expert, the ALJ is required to incorporate only those limitations that he accepts as credible. *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007) (citing *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993)). An ALJ is not required to accept a claimant's subjective complaints, and "can present a hypothetical to the VE on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Griffeth*, 217 Fed. Appx. at 429 (citing *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003)).

Plaintiff insists that the ALJ should have expressly articulated Plaintiff's inability to handle stress in the workplace environment in the hypothetical, and that his failure to have done so constitutes reversible error. (Pl.'s Brief, 10-11.) In this case, however, the ALJ clearly considered Plaintiff's mental problems, including stress, and incorporated such limitations into his hypothetical when he asked the VE to assume, inter alia, "that because of psychological emotional problems [Plaintiff] would be limited to work involving no more than casual or infrequent contact with the general public or with co-workers, and that his supervision would need to be direct and non-confrontational, and changes in the workplace [must] be infrequent and gradually introduced." (TR 382.) To which the VE, in response, provided examples of light, unskilled occupations which were available in the local and national economies, and further affirmed that she had an opportunity to "study the exhibits in the file" and hear the "relevant testimony," allowing her the opportunity to consider, among other things, all of the Plaintiff's mental limitations. (TR 381.)

The ALJ clearly took into consideration the entirety of the record when constructing the RFC for the hypothetical, and in doing so he was under no obligation to find all of the claimant's evidence as to his own residual functional capacity credible, especially where, as here, the Plaintiff was admittedly non-compliant with his medication, and the record does not reflect any attempts to seek impatient or outpatient mental health treatment. (TR 24.) Even though he discounted Plaintiff's credibility to a certain extent, the ALJ nonetheless incorporated significant mental health limitations into his hypothetical for the VE, who responded with examples of available jobs based the on the Plaintiff's RFC. (TR 382-83.) Because this Court has found that substantial evidence exists in the record to support the ALJ's residual functional capacity, it follows then that a hypothetical reasonably predicated thereon is not flawed, and thus the ALJ's reliance in part on such testimony cannot constitute reversible error.

**C.  Whether the ALJ Erred by Failing to Find that Plaintiff was Disabled by Pain**

SSR 96-7p provides instruction on evaluating credibility as follows:

> In general, the extent to which an individual's statements about symptoms can be relied upon as probative evidence in determining whether the individual is disabled depends on the credibility of the statements.  In basic terms, the credibility of an individual's statements about pain or other symptoms and their functional effects is the degree to which the statements can be believed and accepted as true.  When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements.

In addition, 20 C.F.R. § 404.1529(c) describes the kinds of evidence that the ALJ is to consider, in addition to the objective medical evidence, when assessing the credibility of an individual's statements, including:  1) daily activities; 2) the location, duration, frequency, and intensity of pain or other symptoms; 3) precipitating and aggravating factors; 4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; 5) treatment, other than medication, received for relief of pain or other symptoms; 6) any measures used to relieve pain or other symptoms; and 7) other factors concerning functional limitations and restrictions due to pain or other symptoms.

As Plaintiff correctly indicated, § 404.1529(c)(2) states that the Commissioner will not "reject" statements by a claimant about the intensity or persistence of their pain solely because they are not substantiated by the available evidence.  (Pl.'s Brief, at 13.)  However, § 404.1529(c)(4) goes on to clarify that such statements by a claimant will still be considered *in relation to* the objective medical evidence, with attention given to any inconsistencies between a claimant's statements and the other evidence. Thus while the Plaintiff is correct that a claimant's claims of pain cannot be rejected outright just because they are not substantiated by the evidence, the inconstancies between those statements and the other available evidence will be considered when determining the credibility of such statements.

A claimant's credibility is a significant consideration in the evaluation of pain, because tolerance of pain is very much an individual matter.  *Villareal v. Sec'y of Health & Human Servs.*, 818 F.2d 461, 463 (6th Cir. 1987).  However, an ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other.  *Moon v. Sullivan*, 923 F.2d 1175, 1183 (6th Cir. 1990).  Thus, discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence.  *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 532 (6th Cir. 1997).

In the present case, Plaintiff's testimony that he was disabled by pain in his back not only conflicts with substantial evidence on the record, but also with other parts of Plaintiff's own testimony. In an interview with Dr. Blazina in May of 2005, Plaintiff discounted his own pain, and the role it might play in his ability to work, when he told the doctor that he "could work if people wouldn't bother me, and there was no pressure." (TR 307.) Furthermore, as discussed more fully above, Plaintiff's range of daily activities—such as assisting with chores and driving—undermines his claims of a "disabling" level of pain, as does his failure to comply with taking his medications or to seek inpatient or outpatient mental health treatment. Finally, it is clear that the ALJ did not dismiss Plaintiff's complaints of pain, as Plaintiff contests, but, rather, incorporated the degree of pain supported by the objective evidence, and Plaintiff's own conflicting testimony, in formulating Plaintiff's RFC. (TR 17-26.)

In his written decision, consistent with both SSR 96-7p and the above-listed factors from 20 C.F.R. § 404.1529(c), the ALJ, in considering the entirety of the record, determined that Plaintiff's complaints of pain were inconsistent with the objective medical evidence, the type of medications prescribed, the failure to take any other measures to seek inpatient or outpatient treatment, and the Plaintiff's own testimony. (TR 21-24.) Plaintiff obviously disagrees with the ALJ's discounting of his credibility, but it is nonetheless clear that the ALJ stated sufficient reasons for his credibility determination with regard to Plaintiff's degree of pain and his residual functional capability. Accordingly, the Court declines to disturb the ALJ's credibility findings.

**V.     CONCLUSION**

For the reasons discussed above, the Court finds that the ALJ applied the appropriate legal standards in reaching his conclusion, and that his decision is supported by substantial evidence in the record. An appropriate order denying Plaintiff's motion for judgment will be entered.

Thomas A. Wiseman, Jr.
Senior U.S. District Judge